FILED

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

2010 APR -2 P 4: 41

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| **ELPIDA MEMORY, INC.**<br><br>**Plaintiff,**<br><br>v.<br><br>**INFINEON TECHNOLOGIES AG, INFINEON TECHNOLOGIES NORTH AMERICA CORP., and BEST BUY CO., INC.,**<br><br>**Defendants.** | Civil Action No.: 1:10cv 327<br>GBL/TRJ<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

### Nature of the Action

1. This is a civil action for infringement of U.S. Patent Nos. 6,107,869 ("the '869 patent"), 6,268,741 ("the '741 patent"), and 7,667,485 ("the '485 patent") arising under the laws of the United States relating to patents, including 35 U.S.C. §§ 271 and 281.

### Parties

2. Plaintiff Elpida Memory, Inc. ("Elpida") is a Japanese corporation having its headquarters and principal place of business at Sumitomo Seimei Yaesu Bldg. 3F, 2-1 Yaesu 2-chome, Chuo-ku, Tokyo 104-0028, Japan.

3. On information and belief, Defendant Infineon Technologies AG ("Infineon AG") is a German corporation with its headquarters located at Am Campeon 1-12, D-85579 Neubiberg, Germany.

4. On information and belief, Defendant Infineon Technologies North America Corp. ("Infineon NA") is a Delaware corporation with its headquarters located at 640 N. McCarthy Blvd., Milpitas, California 95035.

5. On information and belief, Defendant Best Buy Co., Inc. ("Best Buy") is a Minnesota corporation with its headquarters located at 7601 Penn Ave., Richfield, Minnesota 55423.

## Background

6. On information and belief, Defendant Infineon AG manufactures semiconductor devices in the form of microcontrollers used in mobile phones, including but not limited to the Infineon PMB8877 microcontroller, the X-Gold baseband family of microcontrollers, and other microcontrollers containing, using, or implementing similar structure and features (collectively "the Infineon microcontrollers").

7. On information and belief, the Infineon Defendants manufacture, offer for sale, and sell the Infineon microcontrollers to third parties for the purpose of incorporating the Infineon microcontrollers into mobile phones, including but not limited to the Apple iPhone, that are offered for sale, sold and used in the United States, including in this judicial district and division.

8. On information and belief, Defendant Best Buy operates retail locations in Virginia and this district, and at these retail locations has offered for sale and sold mobile phones, including but not limited to the Apple iPhone, which contain the Infineon microprocessors.

9. Elpida has notified the Infineon Defendants that one or more of the Infineon microcontrollers infringed upon Elpida's patents. Thus far the Infineon Defendants have refused to take a license for the infringing Infineon microcontrollers, and have continued to offer for sale and sell the Infineon microcontrollers to third parties for the incorporation of the Infineon

microcontrollers into mobile phones offered for sale, sold, and used in the United States to sell the infringing products in reckless disregard of Elpida's patent rights.

## Jurisdiction and Venue

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a) because this action arises under the Patent Laws of the United States, Title 35, United States Code, including 35 U.S.C. § 271 *et seq.*

11. This Court has personal jurisdiction over the Defendants. On information and belief, Defendants Infineon AG and Infineon NA (collectively "the Infineon Defendants") have manufactured and/or assembled the Infineon microcontrollers that are contained in products used, offered for sale, imported, or sold in Virginia and in this district.

12. On information and belief, the Infineon Defendants have committed acts of infringement of one or more claims of the patents-in-suit, have induced others to commit such acts of infringement, and/or have contributed to such infringing acts of others in this judicial district and division.

13. On information and belief, the Infineon Defendants voluntarily placed microcontrollers that would infringe one or more claims of the patents-in-suit into the stream of United States commerce, conscious that Virginia, including this judicial district, was the likely destination of a substantial quantity of such Infineon microcontrollers and/or products containing the Infineon microcontrollers.

14. On information and belief, Defendant Best Buy operates retail locations in Virginia and this district, and has offered for sale and sold products containing the Infineon microprocessors in Virginia and in this district.

15. On information and belief, the Defendants are subject to personal jurisdiction in this district because they purposefully engaged in activities that gave rise to this claim for patent infringement and which were directed at residents of Virginia and this judicial district. The exercise of jurisdiction over the Defendants would not offend traditional notions of fair play and substantial justice.

16. On information and belief, Infineon AG is also subject to personal jurisdiction in this district because it has, and continues to, avail itself of the Federal Courts in this jurisdiction and district, including, but not limited to the case *In re Qimonda AG Bankruptcy Litigation*, 1:10-CV-00027 (E.D. Va. filed Jan. 11, 2010). In that case, Infineon AG has appealed to this Court from an Order of the Bankruptcy Court involving a Henrico County, Virginia, semiconductor fabrication plant previously owned and operated at least in part by Infineon AG.

17. On information and belief, venue for this civil action in this judicial district is proper under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

**First Count**
**(Patent Infringement)**
**35 U.S.C. §§ 271 and 281**

18. Elpida realleges and incorporates by reference each of paragraphs 1-17 above.

19. On August 22, 2000, the '869 patent for a "Semiconductor Integrated Circuit" was duly and legally issued to Masashi Horiguchi, Yasushi Kawase, Takesada Akiba, Yoshinobu Nakagome, and Kazuhiko Kajigaya. A true and correct copy of the '869 patent is attached hereto as Exhibit A.

20. Plaintiff Elpida owns the '869 patent and has the exclusive right to license the '869 patent as well as to sue for and collect fees, costs, and damages, including damages for past infringement of the '869 patent.

21. The '869 patent generally relates to semiconductor devices.

22. On information and belief, the Defendants have infringed, induced others to infringe, and/or committed acts of contributory infringement regarding one or more of the claims of '869 patent, including but not limited to claims 1 and 5. On information and belief, the Infineon Defendants' infringing activities in the United States include the manufacture, use, sale, importation, and/or offer for sale of microcontrollers used in mobile phones in the United States, including but not limited to the Infineon PMB8877 microcontroller and the X-Gold baseband family of microcontrollers.

23. On information and belief, the Infineon Defendants' infringing activities include offering for sale and selling the Infineon microcontrollers to third parties for the purpose of incorporating the Infineon microcontrollers into mobile phones offered for sale, sold and used in the United States, with knowledge of, or deliberate indifference to, the '869 patent. On information and belief, the Infineon microprocessors are made or adapted for use in a manner that infringes the '869 patent, and are not staple articles of commerce with substantial non-infringing uses.

24. On information and belief, Defendant Best Buy's infringing activities in the United States include use, sale, and/or offer for sale of mobile phones containing the Infineon microprocessors, including but not limited to the Apple iPhone.

25. Such acts by the Defendants infringe one or more claims of the '869 patent under at least 35 U.S.C. § 271(a), (b), and/or (c).

26. As a consequence of the infringing activities by Defendants complained of herein, Elpida has been damaged in an amount not yet determined. Defendants' infringement of Elpida's exclusive rights under the '869 patent will continue to damage Elpida, causing

irreparable harm, for which there is no adequate remedy at law, unless Defendants are enjoined by this Court.

27.     On information and belief, the Infineon Defendants infringement is willful and deliberate, entitling Elpida to increased damages under 35 U.S.C. §284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. §285.

**Second Count**
**(Patent Infringement)**
**35 U.S.C. §§ 271 and 281**

28.     Elpida realleges and incorporates by reference each of paragraphs 1-17 above.

29.     On July 31, 2001, the '741 patent for a "Semiconductor Integrated Circuits With Power Reduction Mechanism" was duly and legally issued to Takeshi Sakata, Kiyoo Itoh, and Masashi Horiguchi. A true and correct copy of the '741 patent is attached hereto as Exhibit B.

30.     Plaintiff Elpida owns the '741 patent and has the exclusive right to license the '741 patent as well as to sue for and collect fees, costs, and damages, including damages for past infringement of the '741 patent.

31.     The '741 patent generally relates to semiconductor devices.

32.     On information and belief, the Defendants have infringed, induced others to infringe, and/or committed acts of contributory infringement regarding one or more of the claims of the '741 patent, including but not limited to claims 1 and 6. On information and belief, the Infineon Defendants' infringing activities in the United States include the manufacture, use, sale, importation, and/or offer for sale of microcontrollers used in mobile phones in the United States, including but not limited to the Infineon PMB8877 microcontroller and the X-Gold baseband family of microcontrollers.

33. On information and belief, the Infineon Defendants' infringing activities include offering for sale and selling the Infineon microcontrollers to third parties for the purpose of incorporating the Infineon microcontrollers into mobile phones offered for sale, sold and used in the United States, with knowledge of, or deliberate indifference to, the '741 patent. On information and belief, the Infineon microprocessors are made or adapted for use in a manner that infringes the '741 patent, and are not staple articles of commerce with substantial non-infringing uses.

34. On information and belief, Defendant Best Buy's infringing activities in the United States include use, sale, and/or offer for sale of mobile phones containing the Infineon microprocessors, including but not limited to the Apple iPhone.

35. Such acts by the Defendants infringe one or more claims of the '741 patent under at least 35 U.S.C. § 271(a), (b), and/or (c).

36. As a consequence of the infringing activities by Defendants complained of herein, Elpida has been damaged in an amount not yet determined. Defendants' infringement of Elpida's exclusive rights under the '741 patent will continue to damage Elpida, causing irreparable harm, for which there is no adequate remedy at law, unless Defendants are enjoined by this Court.

37. On information and belief, the Infineon Defendants infringement is willful and deliberate, entitling Elpida to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## Third Count
## (Patent Infringement)
## 35 U.S.C. §§ 271 and 281

38. Elpida realleges and incorporates by reference each of paragraphs 1-17 above.

39. On February 23, 2010, the '485 patent for a "Semiconductor Integrated Circuits With Power Reduction Mechanism" was duly and legally issued to Takeshi Sakata, Kiyoo Itoh, and Masashi Horiguchi. A true and correct copy of the '485 patent is attached hereto as Exhibit C.

40. Plaintiff Elpida owns the '485 patent and has the exclusive right to license the '485 patent as well as to sue for and collect fees, costs, and damages, including damages for past infringement of the '485 patent.

41. The '485 patent generally relates to semiconductor devices.

42. On information and belief, the Defendants have infringed, induced others to infringe, and/or committed acts of contributory infringement regarding one or more of the claims of the '485 patent, including but not limited to claim 24. On information and belief, the Infineon Defendants' infringing activities in the United States include manufacture, use, sale, importation, and/or offer for sale of microcontrollers used in mobile phones in the United States, including but not limited to the Infineon PMB8877 microcontroller and the X-Gold baseband family of microcontrollers.

43. On information and belief, the Infineon Defendants' infringing activities include offering for sale and selling the Infineon microcontrollers to third parties for the purpose of incorporating the Infineon microcontrollers into mobile phones offered for sale, sold and used in the United States, with knowledge of, or deliberate indifference to, the '485 patent. On information and belief, the Infineon microprocessors are made or adapted for use in a manner

8

that infringes the '485 patent, and are not staple articles of commerce with substantial non-infringing uses.

44. On information and belief, Defendant Best Buy's infringing activities in the United States include use, sale, and/or offer for sale of mobile phones containing the Infineon microprocessors, including but not limited to the Apple iPhone.

45. Such acts by the Defendants infringe one or more claims of the '485 patent under at least 35 U.S.C. § 271(a), (b), and/or (c).

46. As a consequence of the infringing activities by Defendants complained of herein, Elpida has been damaged in an amount not yet determined. Defendants' infringement of Elpida's exclusive rights under the '485 patent will continue to damage Elpida, causing irreparable harm, for which there is no adequate remedy at law, unless Defendants are enjoined by this Court.

47. On information and belief, the Infineon Defendants infringement is willful and deliberate, entitling Elpida to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## Requested Relief

WHEREFORE Plaintiff requests the following relief:

A. The entry of judgment that Defendants have infringed each of the '869 patent, the '741 patent, and/or the '485 patent;

B. The entry of a permanent injunction, enjoining Defendants, their officers, agents, employees, privies, successors, and assigns, and those acting in concert or participation with them, from infringing the '869 patent, the '741 patent, and/or the '485 patent;

C.   That this Court ascertain and award Elpida damages sufficient to compensate it for Defendants' infringement of the '869 patent, the '741 patent, and/or the '485 patent, that the damages so ascertained against the Infineon Defendants be trebled according to 35 U.S.C. § 284 and awarded to Elpida with interest, and that judgment in the amount of this award be entered in favor of Elpida and against Defendants;

D.   That this Court find this case to be exceptional, and under 35 U.S.C. § 285 award Elpida its attorneys' fees, costs, and expenses in this action; and

E.   That this Court award Elpida such other and further relief as the Court may deem just and proper.

## Jury Demand

Plaintiff demands a jury trial on all issues triable to a jury in this matter.

Dated: April 2, 2010

Respectfully submitted,

/s/ Troy E. Grabow

Troy E. Grabow (Va. Bar No. 46264)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

Attorneys for Plaintiff Elpida Memory, Inc.

**Of Counsel:**

Roger D. Taylor
R. Bruce Bower
Robert B. Dulaney III
Brannon C. McKay
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
3500 Suntrust Plaza
303 Peachtree Street, NE
Atlanta, GA 30308
(404) 653-6400
(404) 653-6444 (facsimile)

Thomas H. Jenkins
Naoki Yoshida
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

Erik R. Puknys
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
Stanford Research Park
3300 Hillview Avenue
Palo Alto, CA 94305
(650) 849-6600